UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CYNTHIA PATTERSON, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ROLLS-ROYCE CORPORATION, )<br>    Defendant. ) | | 1:10-cv-1684-TWP-TAB |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**I.     Introduction**

Plaintiff seeks to amend her complaint to introduce Americans with Disabilities Act and Family Medical Leave Act claims into this age, race, and sex discrimination case. Defendant asserts that these proposed claims are futile because the ADA claims were not set forth in the EEOC charge and the FMLA claims are untimely. Plaintiff did not file a reply brief in support of her motion. For the reasons below, Plaintiff's motion for leave to amend [Docket No. 26] is denied.

**II.    Discussion**

Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend its complaint as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." This rule reflects a liberal attitude toward amendments, and a court should freely grant leave when justice requires. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011).

    *A.*    *ADA claim*s

Defendant asserts that Plaintiff's ADA claims are futile because "Plaintiff's original charge of discrimination and her amended charge of discrimination do not contain any allegations of Rolls-Royce violating Plaintiff's rights as protected under the ADA." [Docket No. 28 at 3.] The general rule is that "allegations that are not included in an EEOC charge cannot be contained in a subsequent complaint filed in the district court." *Kirk v. Fed. Prop. Mgmt. Corp.*, 22 F.3d 135, 139 (7th Cir. 1994). "For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

The Seventh Circuit recognizes an exception to this general rule when there is "a reasonable relationship between the allegations in the charge and the claims in the complaint," and "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010). This is a liberal standard, *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009), and courts should "look to the substance of the charges, not merely whether a particular box was checked on the EEOC form." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976) (en banc).

Plaintiff did not check the disability box on her EEOC charge and did not allege an ADA

violation despite checking multiple other boxes and listing specific statutory provisions that she contends were violated. [*See* Docket No. 26-1 at 4–5.] While the EEOC charge alleges that Plaintiff "was placed to work from home due to an illness" [*id.*], Plaintiff does not allege that she had a disability or that she was discriminated against in violation of the ADA. The isolated reference to an illness is too vague to be reasonably related to Plaintiff's proposed amendment alleging that part of her toes and foot were amputated because of a work-related accident, leading to violations of the ADA and related damages. [Docket No. 26-3 at 4–5.] An EEOC charge must provide some additional detail beyond alleging illness to properly set forth an ADA claim. Instead, Plaintiff impermissibly attempts to piggyback her ADA claims on the factual allegations of her age, race, and sex claims. *See Jones*, 613 F.3d at 670 ("Any additional alleged act of discrimination can always be fit in and become part of an overall general pattern of discrimination. [Plaintiff's] argument, if accepted, would eviscerate the general rule that each separate act of discrimination must be set out in an EEOC charge before an action can be brought.").

Similarly, the ADA claims in the proposed amended complaint cannot reasonably be expected to have grown out of the EEOC's investigation of the allegations in the charge. As noted, Plaintiff did not check the disability box, the reference to an illness is insufficient to implicate the ADA, and the original EEOC charge expressly cited the Civil Rights Act and the Age Discrimination in Employment Act as the sole bases for her claims. [*See* Docket No. 26-1 at 4–5.] Thus, the ADA claims in the proposed amended complaint could not reasonably be expected to grow out of the allegations in EEOC charge.

Despite the shortcomings in the EEOC charge, Plaintiff submitted an affidavit [Docket

No. 26-2] implying that ADA claims were not included in the charge because an EEOC representative incorrectly filled out the form.  Plaintiff's affidavit, however, does not remedy these shortcomings.  Plaintiff signed the EEOC charge to reflect that her allegations were true and correct.  Moreover, the vague allegation in her affidavit that her position was eliminated due to a "medical condition" is also insufficient to raise an ADA claim.  The EEOC charge is an "amended" charge, yet it does not allege any ADA violation, nor is there anything to suggest Plaintiff sought to amend her EEOC charge to include an ADA claim during the four months between the date of her amended charge and the date she received her right to sue letter.  [*See* Docket No. 26-1.]

     Finally, if Plaintiff had truly intended to include an ADA claim in the EEOC charge, then common sense suggests she would have included an ADA claim in her original complaint.  But the original complaint does not include any allegations or claims about a disability or the ADA.  [*See* Docket No. 1.]  Only after Plaintiff retained counsel approximately six months after filing her complaint and approximately two years after she signed her amended EEOC charge did this ADA claim surface.  [*See* Docket Nos. 23, 26-1.]  Because Plaintiff did not include an ADA claim in her EEOC charge and the allegations in the charge are not reasonably related to the ADA claim in her proposed amended complaint, Plaintiff's motion for leave to amend is denied with respect to the ADA claims.

     B.     *FMLA claims*

     Defendant also argues that Plaintiff's FMLA claims are futile because they are barred by the applicable statute of limitations.  [Docket No. 28 at 3–4.]  29 U.S.C. § 2617(c) provides:

> (1) In general
> Except as provided in paragraph (2), an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought.
> (2) Willful violation
> In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.

Counts VI and VII allege that Plaintiff was injured in a work-related accident on March 26, 2010, and thereafter treated less favorably, denied leave, denied a position change, and denied other benefits in violation of FMLA. [Docket No. 26-3 at 5–6.] Plaintiff was also terminated on April 25, 2010. [*Id.* at 2.] Even relying on the later termination date, the two-year deadline for filing a FMLA claim was in April 2012 and Plaintiff did not seek leave to amend until August 10, 2012. Moreover, the proposed amended complaint does not assert that the denial of benefits under FMLA was willful nor does it allege facts that imply that Defendant knowingly or recklessly disregarded its legal obligations under FMLA. Thus, the two-year statute of limitations applies. *See Solorzano v. Railway & Indus. Servs., Inc.*, No. 09-C-3733, 2010 WL 234972, at *2 (N.D. Ill. Jan. 15, 2010). Accordingly, Plaintiff's motion for leave to amend is denied with respect to the FMLA claims.

### III. Conclusion

For the reasons above, Plaintiff's motion for leave to amend [Docket No. 26] is denied.

Dated: 09/27/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Paul J. Cummings
HENN LAW FIRM PC
Paul.Cummings@HennLawOnline.com

Nancy Ann Norman
BARNES & THORNBURG LLP
nancy.norman@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com